STATE OF NEW YORK
SUPREME COURT: COUNTY OF NIAGARA

CAROL A. CURIONE,

                              Plaintiff,

vs.

**ANSWER**
*Index No. E160284/2016*

WAL-MART STORES EAST, LP,
WAL-MART REAL ESTATE BUSINESS TRUST,
WAL-MART STORES, INC.,
JOHN DOE I,
    (the name JOHN DOE I being fictitious as the true name and identify of said Defendant is presently unknown to the Plaintiff. Said Defendant is the individual and/or entity who owned the premises which is the subject of the within action situate at 1540 Military Road, Niagara Falls, New York)
JOHN DOE II,
    (the name JOHN DOE II being fictitious as the true name and identity of said Defendant is presently unknown to the Plaintiff. Said Defendant is the individual and/or entity responsible for the operation, control, maintenance, repair, inspection, security and upkeep of the premises which is the subject of the within action, including without limiting thereto, the entranceway of the Subject Premises and the vestibule and walkway adjacent to the car corral situate at the Wal-Mart Store located at 1540 Military Road, Niagara Falls, New York),

                              Defendants.

Defendants sued herein as WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, and WAL-MART STORES, INC. (hereinafter "Answering Defendants"), by their attorneys, BENNETT SCHECHTER ARCURI & WILL, LLP, for their Answer to Plaintiff's Complaint dated December 23, 2016, allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 53, 56, 59 and 60 of the Plaintiff's Complaint herein.

2. Deny each and every allegation contained in paragraphs 3, 4, 5, 6, 7, 8, 10, 11, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 52, 55, 57, 58, 61, 62, 63, and 64 of the Plaintiff's Complaint.

3. Deny each and every allegation contained in paragraph 65 of the Plaintiff's Complaint and leaves all questions of law to the Court.

4. Admit that Defendant Wal-Mart Stores East, LP was a foreign limited partnership organized under and by virtue of laws of the State of Delaware and authorized to do business in the State of New York, and deny each and every other allegation contained in paragraph 2 of the Plaintiff's Complaint.

5. Admit that Defendant Wal-Mart Real Estate Business Trust was a foreign statutory business trust organized under and by virtue of the laws of the State of Delaware and authorized to do business in the State of New York, and deny each and every other allegation contained in paragraph 12 of the Plaintiff's Complaint.

6. Admit each and every allegation contained in paragraphs 9, 19, 51, 54, of the Plaintiff's Complaint.

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

4. That pursuant to §4545 and other applicable sections of the CPLR, Defendants are entitled to a set-off against the amount of any verdict of any monies collected from a collateral source of payment as set forth in said law.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

5. Defendants deny any liability on their part, but if they are found liable to the Plaintiff, then such liability is limited by CPLR §1601.

6. In the event that the Plaintiff are successful in recovering a verdict against this Defendants, the liability of the Defendants to the Plaintiff for non-economic loss shall not exceed the Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss pursuant to Article 16 of the Civil Practice Law and Rules.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

7. That if the Plaintiff herein were caused to sustain any damage at the time and place set forth in the Complaint, said damage will have been caused by the Plaintiff's own culpable conduct and/or comparative negligence and/or assumption of any risk known to them, and if any damages are recovered herein by Plaintiff against the Defendants, said damages must be diminished in the proportion which the culpable conduct attributable to the Plaintiff herein bear to the culpable conduct attributable to the Defendants herein.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

8. Upon information and belief, any injuries or damages allegedly sustained by the Plaintiff were the result of the Plaintiff's own failure to mitigate said injuries or damages, and if any judgment is recovered against the Defendants, said judgment should be apportioned and reduced by the percentage resulting from the Plaintiff's failure to mitigate said injuries or damages.

### AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

9. The Complaint fails to include all necessary parties.

3

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

10. The conditions alleged in the Complaint were open and obvious.

### AS AND FOR AN SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

11. Upon information and belief, the incident complained of in the Complaint and the alleged damages were caused by the culpable or other tortious conduct of other parties, persons and entities over which the Defendants exercised no supervision or control.

### AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

12. Plaintiff's Complaint fails to state a viable cause of action as against the Defendants.

### AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

13. Defendants deny that they had any notice or knowledge of a defective condition on the premises prior to the claimed damages.

### AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

14. Defendants deny that any dangerous condition existed on the premises.

### AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

15. That if Plaintiff suffered or suffer from any bodily injuries, injuries to the brain, nervous system or internal organs, said injuries or conditions pre-existed the subject incident.

### AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

16. That pursuant to § 15-108 of the General Obligations Law, any recovery by Plaintiff must be reduced by such amounts and/or percentages of negligence as may result from settlements or trial with any other tortfeasor which may be partially and/or wholly responsible for the alleged injuries and/or damages as alleged in the Plaintiff's Complaint.

### AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

17. If Plaintiff sustained any injuries and damages as alleged in Plaintiff's Complaint, by reason of fault other than their own, and judgment is recovered against Defendants, then the liability of said Defendants will have been brought about by reason of the primary carelessness, recklessness and negligence of Plaintiff, without any such carelessness, recklessness or negligence on the part of Defendants, who is thereby entitled to indemnity and/or contribution for all or part of such judgment, and in such amount as shall be determined ultimately at the trial of this action.

### AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

18. To the extent that Defendants were on notice of any hazard and/or defect for which Plaintiff seeks relief, which Defendants deny, Plaintiff also had such notice and are thus barred from recovery.

### AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

19. At all times relevant to this action, Defendants complied with all applicable laws, regulations and standards.

### AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

20. The Defendants deny they had any actual and/or constructive notice or knowledge of a defective condition on the premises prior to the claimed damages.

### AS AND FOR A SEVENTEETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

21. The Plaintiff assumes all risks of injury alleged in the Complaint.

### AS AND FOR A EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

22. Plaintiff failed to sue the necessary parties.

### AS AND FOR A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

23. Defendant will rely upon any other defense that may become available or appear during the course of discovery in this action, and reserves its right to amend this Answer to assert any such defense.

**WHEREFORE**, Defendants WAL-MART STORES EAST, LP, WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES, INC., JOHN DOE I, and JOHN DOE II demand judgment as follows: (1) dismissing the Plaintiff's Complaint; (2) in the event that the Plaintiff is entitled to recover, the amount of damages recoverable should be diminished in the proportion which the culpable conduct attributable to the

Plaintiff bears to the culpable conduct which caused the damages; and (3) together with the costs and disbursements of this action.

DATED: Buffalo, New York
March 3, 2017

Yours, etc.

*(signature)*

BENNETT SCHECHTER ARCURI & WILL, LLP
By: Pauline C. Will, Esq.
*Attorneys for Defendants Wal-Mart Stores East, LP,*
*Wal-Mart Real Estate Business Trust and*
*Wal-Mart Stores, Inc.*
701 Seneca Street, Suite 609
Buffalo, NY 14210
Phone: (716) 242-8100

TO: John J. Fromen, Jr., Esq.
Attorneys for Plaintiff
4367 Harlem Road
Snyder, NY 14226
Phone: (716) 855-1222

F:\PCW\Pleadings\Answer\Curione v. Wal-Mart, et al.doc